UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | |
|---|---|
| In re: | ) |
| | ) |
| **WILLIAM STUART DENNEN,** | ) Case No. 15-18255 HRT |
| | ) |
| Debtor. | ) Chapter 7 |
| | ) |
| | ) |
| **THE ROBERT AND JOAN DENNEN** | ) |
| **TRUST DATED OCTOBER 11, 2007,** | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| **WILLIAM STUART DENNEN,** | ) |
| | ) |
| <u>Respondent.</u> | ) |

<u>ORDER ANNULLING THE AUTOMATIC STAY</u>

This case comes before the Court on Movant's *Motion for Order Confirming Absence of the Automatic Stay* (docket #15) (the "Declaratory Motion") and Movant's *Motion for Annulment of the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (docket #18) (the "Annulment Motion").

Movant, the Robert and Joan Dennen Trust Dated October 11, 2007, (the "Trust"), seeks either an order declaring that the automatic stay never came into effect with respect to the Trust upon the filing of the Debtor's bankruptcy or, in the alternative, an order annulling the stay under 11 U.S.C. § 362(d).

I.  FACTUAL BACKGROUND

The relevant facts are as follows:

1. The Trust is a living trust established by the Debtor's parents who are currently living. The Trust is the owner of residential real property located at 2501 S. Victor Street, #A, Aurora, Colorado (the "Property"), in which the Debtor resides.

2. The Trust elected to terminate the Debtor's tenancy at will in the summer of 2014, and a Notice to Quit was served upon the Debtor.

ORDER ANNULLING THE AUTOMATIC STAY
Case No. 15-18255 HRT

3. The Notice to Quit informed the Debtor that the tenancy at will was terminated as of August 12, 2014, at 11:59 p.m. The Debtor failed to surrender possession of the Property to the Trust and the Trust proceeded to file an unlawful detainer action against the Debtor on August 13, 2014, in Arapahoe County Court (Case No. 2014C44553) (the "FED Action").

4. The Arapahoe County Court granted the relief sought by the Trust and entered a judgment against the Debtor and in favor of the Trust, ordering that possession of the Property be surrendered.

5. The Arapahoe County Court issued a Writ of Restitution dated September 4, 2014, and a second Writ dated September 11, 2014, ordering the Sheriff to remove the Debtor from the Property.

6. The Debtor filed a Notice of Appeal of the judgment for possession.

7. The Arapahoe County District Court (the "District Court") entered an Order Denying Appellant's Motions and Dismissing the Appeal on August 10, 2015. The Order was entered 18 days after the Debtor's Voluntary Petition was filed on July 23, 2015.

8. Debtor filed a Notice of Bankruptcy Case Filing with the Clerk of the Arapahoe County Court on August 10, 2015, but the Debtor did not provide notice to Trust.

9. The Debtor made no entry at the bottom of page 2 of his Voluntary Petition in the section entitled Certification by a Debtor Who Resides as a Tenant of Residential Property and made no attempt to comply with 11 U.S.C. § 362(*l*) at the time he filed his Voluntary Petition.

## II. DISCUSSION

A. Applicability of 11 U.S.C. § 362(b)(22)

The Declaratory Motion is based upon application of § 362(b)(22). Under that subsection, the automatic stay does not apply and never comes into existence, except as provided in § 362(*l*), with respect to

> the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the

ORDER ANNULLING THE AUTOMATIC STAY
Case No. 15-18255 HRT

>   lessor has obtained before the date of the filing of the bankruptcy petition, a
>   judgment for possession of such property against the debtor.

11 U.S.C. § 362(b)(22).

The Trust did obtain a judgment for possession of the Property prior to the Debtor's commencement of this bankruptcy case. However, the language of § 362(b)(22) contemplates a more formal landlord-tenant relationship. It speaks in terms of the rights of a lessor with respect to a debtor who is a tenant under a lease or rental agreement. The instant dispute presents no such commercial relationship. Instead, the Debtor has been living in a property owned by his parents through a living trust. He has done so for some years without any written agreement and without paying rent.

Because the language used in § 362(b)(22) is specific to the type of landlord-tenant relationship that is formed under a "lease or rental agreement," the Court finds that it is not applicable to the current dispute and will deny the Declaratory Motion.

B.  Annulment of the Automatic Stay Under 11 U.S.C. § 362(d)

In his statements to the Court, the Debtor made vague claims of an ownership interest in the Property and of his "sweat equity." On his Schedule A, the Debtor describes his interest in the property as "future and contingent equitable rights as heir." At hearing, the Debtor made no offer of proof with respect to documentation that would substantiate an ownership interest. Consistent with the Debtor's failure to offer any evidence of an ownership interest to this Court, the transcript of the Arapahoe County Court judge's ruling in the FED action contains the following:

>   The Court finds, upon all of the evidence here, that there is actually no factual
>   evidence of sweat equity in the property on behalf of the Defendant. There's been
>   really no evidence other than just a claim. There, the Defendant does not have any
>   current legal right of ownership to the property. Any future right of inheritance
>   does not encumber the Plaintiff's right to their own property. The Plaintiffs are
>   not dead, they could sell their property tomorrow if they felt like it, and they're
>   not obligated to keep the property or to make it available to the Defendant.
>   Inheritance is something that occurs after the death of the parent, and that is not
>   the case. Because there is no agreement, no contract, no lease, no sweat equity,
>   and the Defendant's total financial dependence on the Plaintiffs, the Court finds
>   he is a tenant at will.

Movant's Exhibit C, p.154.

ORDER ANNULLING THE AUTOMATIC STAY
Case No. 15-18255 HRT

The Colorado statute of frauds requires any interest in real property, except for a lease for a term not exceeding one year, to be in writing. COLO. REV. STAT. § 38-10-106. Because the Debtor offered to produce no such writing to demonstrate his claimed ownership, the Court finds that the record supports no such claim of ownership by the Debtor. Indeed, the evidence offered by the Trust persuades the Court that Debtor's "interest" is nothing more substantial than naked possession coupled with an expectation of an inheritance.

*1. 11 U.S.C. § 362(d)(1)*

Under § 362(d)(1), "the court shall grant relief from the stay provided under subsection (a) of [§ 362], such as by terminating, annulling, modifying, or conditioning such stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

The relief that the Trust seeks from this Court is the ability to return to the state courts to complete the FED litigation that was commenced in 2014 to evict the Debtor from the Property. In this type of case, the Court determines the existence of cause under § 362(d)(1) by examining the totality of the surrounding circumstances. As an aid to that determination, this Court and others in the Tenth Circuit often look to the "*Curtis* Factors" set out in the case of *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah, 1984). The considerations identified in *Curtis* are

1. Whether the relief will result in a partial or complete resolution of the issues.
2. The lack of any connection with or interference with the bankruptcy case.
3. Whether the foreign proceeding involves the debtor as a fiduciary.
4. Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.
7. Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).
10. The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

ORDER ANNULLING THE AUTOMATIC STAY
Case No. 15-18255 HRT

> 11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.
> 12. The impact of the stay on the parties and the "balance of hurt."

*Id*. at 799-800.  Because the ultimate determination is based on the totality of the circumstances in the particular case before the court, not all of the *Curtis* Factors will be relevant in every case and the Court is free to consider other matters not considered by the *Curtis* court.  Here, the Court will discuss only those factors that are relevant to this case.

Relief from the automatic stay in this case will allow both the Debtor and the Trust to fully resolve the issues between them (Factor #1).  That weighs in favor of granting relief.  By freeing the parties from the strictures of the automatic stay, they can return to the state court where a determination has been rendered on the merits of Trust's FED action and the appeal of that determination has been considered *de novo* by the District Court.  Both the Debtor and the Trust are entitled to have their dispute finally resolved on the merits and the state court is the proper venue to accomplish that goal.

The final resolution of the parties' dispute in the state court will have no impact on the bankruptcy case (Factor #2).  Because there is no interest involved in the parties' dispute that relates to the Debtor's bankruptcy estate, the final determination on the FED action can neither add to nor detract from the bankruptcy estate.  That lack of connection or interference with the bankruptcy case weighs in favor of granting relief.

The interests of creditors or other interested parties will not be affected by completion of the parties' dispute in the state court (Factor #7).  The dispute between the Trust and the Debtor is strictly a two-party dispute.  There is no evidence before the Court of any potential for prejudice with respect to the interests of creditors or other interested parties in the bankruptcy case.  That lack of prejudice to the interests of creditors and others weighs in favor of granting relief.

Granting relief will serve the interests of judicial economy and the expeditious and economical determination of litigation for the parties (Factor #10).  In many cases, the automatic stay serves as a powerful protection to give a debtor the breathing room to reorganize; to preserve estate assets for an ultimate distribution to creditors; and to protect post-bankruptcy property of the debtor necessary for a fresh start.  None of those interests appear in this case.  Because of the lack of connection to the bankruptcy case discussed above, the continued involvement of this Court simply serves to multiply legal proceedings; multiply expenses; and delay the final resolution of the parties' dispute.  It does so without serving any counterbalancing bankruptcy interest.  This is a consideration that strongly weighs in favor of granting relief.

Proceedings in the state courts have progressed beyond a judgment on the merits and an appeal of the Arapahoe County Court's decision was pending in the District Court on the date

ORDER ANNULLING THE AUTOMATIC STAY
Case No. 15-18255 HRT

Debtor filed his bankruptcy petition (Factor #11). In many cases, courts examine the progress of a case in the state court to evaluate whether it is most economical to allow the case to be completed in its original venue or to adjudicate the matter in the bankruptcy court. Not only has the case proceeded beyond the point where it could be feasible to move the dispute into the bankruptcy court, this is not the type of case where it could be desirable to do so regardless of the progress of the case in the state court. The parties' dispute represents a quintessential adjudication of state law property rights with no effect on the bankruptcy estate. This factor weighs in favor of granting relief.

The impact of the stay on the parties and the "balance of hurt" (Factor #12) weighs in favor of granting relief. According to the judgment of the Arapahoe County Court, the Debtor is not legally entitled to continue in possession of the Property. It is the Trust's ultimate object to evict the Debtor from the Property and the Court is not insensitive to the discomfort and trauma the Debtor will suffer if an eviction is ultimately carried out. But whatever harm the Debtor may suffer in that process is not a legally cognizable harm if the Debtor is simply being removed from a Property he has no legal right to occupy. On the other hand, continued delay in the Trust being able to exercise its legal right to possess its Property, or at least obtain a final determination of its rights with respect to the Property, does represent a very real and legally cognizable harm to the Trust's interests.

Finally, the entire course of events in this case persuades the Court that the Debtor has instituted this bankruptcy case for the improper purpose of hindering and delaying the Trust's exercise of its legal rights. The totality of the circumstances involved in this case lead the Court to the firm conviction that the Debtor is using the bankruptcy process generally and this Court in particular to delay any final judicial determination of the parties' respective rights in the Property. The centerpiece of virtually every pleading the Debtor has filed with this Court is his contention that the actions of the Trust have been stayed by his bankruptcy filing and by his appeals both in the state courts and his appeals of this Court's orders. Indeed, at hearing, he argued that the automatic stay prevents the Trust from even moving to lift the automatic stay. By contrast, the Debtor avoids addressing the merits of his dispute with the Trust. He did not file a timely response to either of the motions currently under consideration. The Court construed the Debtor's *Motion for Order to Deny Horlbeck's Motions* (docket #33) as such a response less because it cogently addressed the merits of the pending motions than to afford the Debtor a full and fair opportunity to appear and be heard.

The Court has discussed the many factors that weigh in favor of granting relief to the Trust. The usual case involves balancing various factors that weight in favor of granting relief against those that weigh against it. This case differs from that norm in that the Court finds no factors that weigh against granting relief from stay to the Trust.

ORDER ANNULLING THE AUTOMATIC STAY
Case No. 15-18255 HRT

*2. 11 U.S.C. § 362(d)(2)*

Under § 362(d)(2)

> the court shall grant relief from the stay provided under subsection (a) of [§ 362] such as by terminating, annulling, modifying, or conditioning such stay . . . with respect to a stay of an act against property under subsection (a) of [§ 362], if –
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2).

At hearing, the Trust offered a copy of the transcript of the findings in the Arapahoe County Court where, after a hearing on the merits of the Trust's FED action, the court found that the Debtor had no ownership interest in the Property. The Debtor's offer of proof contained no offer of testimony or documents to support a conclusion that his interest in the Property is any greater than simple possession. The Debtor's offer of proof does not support any colorable claim of ownership or even rights as a lessee of the Property. The Debtor claims to have "sweat equity" in the Property. He used the term as if it is a universally recognized form of property ownership but offered no elaboration. Whatever the intended meaning of the term, the Debtor offered no evidence of any agreement to the effect that, in exchange for his efforts, he would acquire an interest in the Property. The Court finds that the Debtor has no equity in the Property because the Trust has demonstrated that the Debtor has no legitimate interest in the Property.

The second prong of § 362(d)(2) is satisfied largely by the nature of the bankruptcy case itself. The Debtor filed this case under chapter 7. A bankruptcy case under chapter 7 is frequently referred to as a liquidation because it is a vehicle for liquidating a debtor's nonexempt property so that a distribution may be made to creditors and, in exchange, the chapter 7 debtor receives a discharge of debts. A chapter 7 case involves no formal reorganization and many courts hold that § 362(d)(2)(B) is satisfied in all chapter 7 cases. *See, e.g., In re Fazio* 59 B.R. 312, 313 (Bankr. E.D. Pa. 1986) ("Under chapter 7 the movant need not introduce any evidence under § 362(d)(2)(B) since reorganization is not possible in that chapter.").

Even if the Court were to view "reorganization," under § 362(d)(2)(B), in the broadest possible sense as referring also to a chapter 7 debtor's post-bankruptcy fresh start, that construction would not aid the Debtor (to be clear, the Court has located no authority to support such a broad reading). This is not a case where the automatic stay assists the Debtor in maintaining possession of exempt property necessary for that fresh start. To the contrary, the automatic stay is assisting the Debtor to maintain possession of Property in which the Arapahoe County Court determined he has no rights – either in the nature of ownership or possessory rights. The Court finds that the Property is not necessary for reorganization.

ORDER ANNULLING THE AUTOMATIC STAY
Case No. 15-18255 HRT

Because the Debtor has no equity in the Property and the Property is not necessary for the Debtor's reorganization, the Court finds that the Trust is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2).

### 3. *Effective Date of Relief from Stay*

The Court will grant relief as permitted by § 362(d) by annulling the automatic stay. The Debtor filed his bankruptcy petition on July 23, 2015. The Debtor's initial filing did not include a mailing matrix so that his creditors could receive notice of his bankruptcy case. As a consequence, the Trust was not mailed notice of the Debtor's case by the Court.

At the same time, the Debtor's appeal of the Arapahoe County Court decision in the Trust's FED action was pending in the District Court. Normally, a debtor's pending appeal of a judgment rendered in a pre-petition action filed against the debtor is subject to the automatic stay. *TW Telecom Holdings, Inc. v. Carolina Internet LTD.*, 661 F.3d 495 (10th Cir. 2011).

In its offer of proof, the Trust asserted that, not only did it not receive formal notice of the Debtor's bankruptcy filing, it did not receive actual notice of the case until after the District Court had rendered its decision on Debtor's appeal affirming the Arapahoe County Court. The Debtor did not deny that assertion and offered no evidence to refute it. Equity will not permit a debtor to both shirk the responsibility to insure that interested parties receive notice of his bankruptcy case and benefit from imposition of the automatic stay. In the Tenth Circuit, that principle was firmly established by the case of *In re Calder*, 907 F.2d 953 (10th Cir. 1990). In that case, the debtor actively defended a case filed against him post-petition in violation of the automatic stay. He did not inform the creditor or the court of his pending bankruptcy case until just before the court was set to enter its final judgment. *Id*. at 956. The debtor's actions precluded allowing him to benefit from the automatic stay. The court explained:

> In our view, it would be inequitable to allow Calder to claim any protections of the automatic stay under section 362(a) to defeat the Jobs' state court judgment. The basic undisputed fact apparent from the record is that Calder actively litigated the state court action and did not provide notice of the pending Chapter 13 proceeding until just before the state court was to enter a final judgment. Calder must bear some responsibility for his unreasonable delay in asserting his rights under section 362(a). Calder's only explanation, that he forgot, is not a legitimate excuse for his delay. To hold otherwise and permit the automatic stay provision to be used as a trump card played after an unfavorable result was reached in state court, would be inconsistent with the underlying purpose of the automatic stay which is to give a debtor a breathing spell from his creditors.

*In re Calder*, 907 F.2d 953, 956-57 (10th Cir. 1990) (quotes and citations omitted). The Court finds that the Debtor has forfeited any right to benefit from the automatic stay due to his failure

ORDER ANNULLING THE AUTOMATIC STAY
Case No. 15-18255 HRT

to notify the Trust or the District Court of his bankruptcy filing until after the District Court had rendered an unfavorable decision on his appeal. The type of misuse of the automatic stay discussed by the *Calder* court – using it as a trump card after an adverse decision in a state court – is precisely the action taken by the Debtor here. The Debtor remained mute concerning his bankruptcy case and allowed the District Court's consideration of his appeal to proceed. Only after the District Court dismissed his appeal did he seek to unravel the effect of that decision by informing the District Court of his pending bankruptcy case. For that reason, the Court annuls the automatic stay in this case as to the Trust.

*4. Movant's Request to Waive Stay of Order under Rule 4001(a)(3)*

Under Rule 4001(a)(3), "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 4001(a)(3). However, the Trust seeks an order annulling the stay with immediate effect. The Court has considered the Trust's request and finds that cause exists to modify the stay of this order under Rule 4001(a)(3).

The Court noted above that the course of events in this case has persuaded the Court that the Debtor has instituted this bankruptcy proceeding for an improper purpose. Throughout the course of his bankruptcy case, the Debtor has filed numerous pleadings seeking extensions and continuances. By contrast, when given notice of the two motions under consideration here and of the response deadlines, the Debtor did not file a timely response going to the merits of either motion. Moreover, the natural venue for these state-law property disputes is the state courts where the Trust filed its FED action and the Debtor filed his appeal of that adverse decision. The Debtor's rights to be heard and argue the merits of his position are fully protected in the state courts and it is clear that the Debtor has made full use of due process protections available to him in the state courts.

"It is well settled that the automatic stay has a dual purpose: it temporarily relieves the debtor of financial hardship and collection activity while simultaneously preventing creditors from improving their positions relative to one another." *In re Mid-City Parking, Inc.*, 332 B.R. 798, 815 (Bankr. N.D. Ill. 2005) (citing *Winters by & Through McMahon v. George Mason Bank*, 94 F.3d 130, 133, 135 (4th Cir.1996); *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir.1991); *Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982); *Commerzanstalt v. Telewide Sys.*, 790 F.2d 206, 207 (2d Cir.1986); *Farley v. Henson*, 2 F.3d 273, 274 (8th Cir.1993); H.R.Rep. No. 95–595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296–97). Neither legitimate interest of the automatic stay is apparent in this case. The Debtor's schedules reveal no ongoing collection activity. Indeed, the Debtor's schedules show no regular income or assets that would be exposed to creditor collection efforts outside of bankruptcy. For the very same reasons, there is no evidence of creditors jockeying for position relative to one another. The Debtor has other creditors to be sure, but his Statement of Financial Affairs (docket #20) reflects only the Trust's

ORDER ANNULLING THE AUTOMATIC STAY
Case No. 15-18255 HRT

FED action and the Debtor's appeal as legal cases he has been involved in during the prior year. The evidence persuades the Court that this bankruptcy case represents only a legal strategy to deal with a two-party dispute and is specifically calculated to hinder and delay the Trust in exercising its legitimate ownership rights with respect to its Property. Because the Court finds this bankruptcy case and the Debtor's actions herein to be a substantial misuse of the bankruptcy system and the automatic stay, the Court finds good cause to waive the stay of this Order under Rule 4001(a)(3).

### III. CONCLUSION

In accordance with the above discussion, it is

**ORDERED** that the Trust's *Motion for Order Confirming Absence of the Automatic Stay* (docket #15) is DENIED. It is further

**ORDERED** that the Trust's *Motion for Annulment of the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (docket #18) is GRANTED. It is further

**ORDERED** that the automatic stay pursuant to 11 U.S.C. § 362(a) is hereby annulled effective as of the petition date of July 23, 2015, with respect to all proceedings related to the Trust's FED action against the Debtor including the Arapahoe County District Court's order (dated August 10, 2015), in Case No. 2014CV 193, dismissing the Debtor's appeal from the Arapahoe County Court's order of possession for certain premises located at 2501 S. Victor Street, #A, Aurora, CO 80014, in Case No. 2014C44553. It is further

**ORDERED** that notwithstanding Fed.R.Bankr.P. 400l(a)(3), that provides for a fourteen day stay of an "order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(l)," the relief granted to the Dennen Trust by this Order is effective immediately to permit the Trust to take such other additional action as may be appropriate to obtain any additional orders and writs from the Arapahoe County District Court and the Arapahoe County Court, including but not limited to a writ (or writs) of restitution, directing the Sheriff of Arapahoe County to evict the Debtor and his personal property from the Property and return possession of the Property to the Dennen Trust.

Dated this __29th__ day of September, 2015.

BY THE COURT:

*Howard Tallman*
Howard R. Tallman, Judge
United States Bankruptcy Court